**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

Tracy Sturtevant,

             Debtor

Chapter 13
Case No. 16-10471

## ORDER VACATING SHOW CAUSE ORDERS

Counsel to a Chapter 13 debtor (or the debtor, if pro se) is required to obtain a hearing date on confirmation of a Chapter 13 plan and to provide notice of that hearing within fourteen days of the conclusion of the meeting of creditors held under 11 U.S.C. § 341(a).  D. Me. LBR 3015-3(a).  These requirements are triggered by the conclusion of the 341(a) meeting.  When the 341(a) meeting is not concluded, *see, e.g.*, Fed. R. Bankr. P. 2003(e) (allowing the 341(a) meeting to be adjourned), these requirements are not triggered under the Local Rules.  When the 341(a) meeting is adjourned, the presiding official must promptly file a statement indicating the date and time of the adjourned meeting.  Id.

In this case, the 341(a) meeting was initially scheduled for September 1, 2016.  There was no activity on the docket in this case from September 2 through September 15.  On September 16, the Court issued an order to show cause on account of the Debtor's apparent failure to comply with the Local Rule regarding confirmation hearings in chapter 13 cases.  [Dkt. No. 16].  Eleven days later, the Debtor filed a short response to the show cause order.  That response was the first indication that "the Meeting of Creditors ha[d] not been concluded" on September 1, 2016. [Dkt. No. 18].  On October 4, the standing Chapter 13 trustee created a docket entry showing that the 341(a) meeting was "to be held on 10/14/2016."  The trustee either overlooked or ignored the requirement in Fed. R. Bank. P. 2003(e) regarding the prompt

filing of a statement when a 341(a) meeting has been adjourned.  A thirty-three-day delay is not prompt.

In light of the Debtor's response, the Court cancelled the hearing on the show cause order.  But that isn't the end of this story.  Laboring under the assumption that the 341(a) meeting was concluded on October 14, 2016, the Court issued another show cause order, this time on October 31, 2016.  [Dkt. No. 21].  This happened because (a) there was no indication on the docket that the 341(a) meeting had not been concluded on October 14 and (b) there was no notice of a confirmation hearing on the docket as of October 28.  This second show cause order set a hearing for November 17, 2016.

The standing Chapter 13 trustee recognized the problem and, the day after the second show cause order was entered, he created a docket entry indicating that the 341(a) meeting had been adjourned to November 10, 2016.  On the day before the hearing on the second show cause order, the Debtor filed an amended plan and a notice of a confirmation hearing.  [Dkt. No. 24 and 25.]  The Debtor also filed a supplemental response, stating that the 341(a) meeting was held and concluded on November 10, 2016.[1]  Had the Debtor filed these documents at least two business days before the hearing scheduled for November 17, the Court likely would have deemed the order satisfied and cancelled the hearing.  *See* [Dkt. No. 21] ("Alternatively, if the debtor notices the confirmation hearing at least two business days in advance of the SHOW CAUSE hearing, the Court will deem this order satisfied and strike the matter from its calendar.").  Instead, the Court conducted a hearing on the second show cause order on November 17 and, at the conclusion of the hearing, took the matter under advisement.

---

[1] It appears that this supplemental response was filed <u>after</u> the conclusion of the show cause hearing on November 17.

- 2 -

The orders to show cause were premised upon the Debtor's counsel's failure to set a confirmation hearing within fourteen days after the conclusion of the meeting of creditors, on the assumption (in the absence of notice to the contrary) that the meeting of creditors had been concluded as scheduled, first on September 1 and then later on October 14, 2016. Because the meeting of creditors was not concluded on either September 1 or October 14, *see* [Dkt. No. 27] and was, in fact, concluded on November 10, the Debtor had until November 24, 2016 to obtain a hearing date on confirmation and to provide notice of that hearing. In light of facts now known to the Court, it appears that the orders to show cause should not have issued in this case. The orders to show cause at [Dkt. No. 16 and 21] are therefore VACATED under Fed. R. Civ. P. 60(a). *See* Fed. R. Bankr. P. 9024 (making Fed. R. Civ. P. 60 applicable in cases under the Bankruptcy Code).

Dated: December 7, 2016

Michael A. Fagone
United States Bankruptcy Judge
District of Maine